### JOHN J. HOPE VS. STATE OF LOUISIANA. PARISH OF OUACHITA, INTERVENOR.

MAYO, J. In this case the plaintiff was surety on the release or bail bond given by Robert Snow, who had been indicted for forgery; the bond was forfeited and judgment rendered against principal and surety, which was confirmed on appeal by the Supreme Court. Several years elapsed when Snow was re-arrested, tried, convicted and sentenced to and incarcerated in the penitentiary. Plaintiff thereupon brought this suit to annul the judgment of forfeiture and enjoin the execution of the unpaid balance of said judgment. Held: The ends of justice and the law have been satisfied, and the judgment is annulled and the injunction perpetuated.

### MEYER, WEIS & CO. VS. JOHN T. COLE.

FARMER, J. Courts will not notice or consider objections to irregularities in attachments, except when distinctly made in proper pleadings.

2. A motion to dissolve an attachment must embrace all the grounds on which defendant relies for its dissolution, and where one motion to dissolve has been overruled, a second motion cannot be made, whether before or after default, on other grounds. The disposal of one motion to dissolve is *res adjudicata* against all other motions to dissolve.

### S. WHITED VS. HORACE GOOCH.

MAYO, J. Where a sheriff, to whom a writ of *fi. fa.* has been directed, takes a twelve months' bond from the judgment debtor, without scrupulously taking all the previous steps prescribed by that part of the Code of Practice which treats of the execution of judgments, such bond is not a legal twelve months' bond. 30 An. 1269.

2. No execution can issue on such bond against the surety or principal.